UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT E. EDDY,

        Plaintiff,                      Case Number 10-CV-11359
                                                      Honorable Thomas L. Ludington

v.

MULTIBAND CORP., DIRECTECH HOLDING
COMPANY, INC., and MICHIGAN
MICROTECH, INC.,

        Defendants.
_____/

**ORDER AND OPINION DENYING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DECLARATION THAT STATEMENT OF DEATH HAS NOT BEEN SERVED AS MOOT**

On April 6, 2010, Plaintiff filed a complaint against Defendants Multiband Corp., DirecTech Holding Company, Inc., and Michigan Microtech, Inc. (collectively, "Defendants") to recover money damages stemming from Defendants' alleged breach of several indemnification agreements [Dkt. #1]. Plaintiff, a California resident, served as an independent trustee for four employee stock ownership plans offered by Michigan Microtech and Directech from 2004 through 2007 during which he executed four separate contractual agreements that obligate defendants to indemnify Eddy from various expenses, including but not limited to attorneys' fees and costs associated with his position as independent trustee. In July 2008, the United States Department of Labor commenced a formal investigation into the employee stock ownership plans for which Plaintiff served as the trustee. Plaintiff notified Defendants of the subpoena and chose to exercise his contractual right to retain independent counsel. Plaintiff requested that Defendants acknowledge in writing that they would indemnify him for the resulting costs and legal fees incurred by responding to the subpoena and Michigan Microtech and Directech allegedly stated through their counsel in a September 4,

2008 email that they intended to honor their obligation to indemnify Plaintiff.

Plaintiff later sought indemnification for approximately $250,000 in costs and legal fees incurred by his retained counsel in responding to the Department of Labor subpoena. Directech and Michigan Microtech did not indemnify Plaintiff. Plaintiff's pleading does not identify who he retained as counsel or whether Plaintiff paid counsel and is now seeking reimbursement or whether counsel is unpaid.

In a Motion for Order Setting Status Conference filed on September 7, 2010 [Dkt. #13], Plaintiff's counsel alleged, in relevant part, as follows: "On or about May 17, 2010, Mr. Eddy unexpectedly passed away. Katten Muchin Rosenman [LLP] intends to substitute in this matter on behalf of Mr. Eddy as Plaintiff for the recovery of its fees but requests time to coordinate with Mr. Eddy's widow, the executor of Mr. Eddy's estate, prior to filing a notice of statement of death and request to substitute in as Plaintiff. Due to the unique circumstances surrounding this matter, counsel for Plaintiff requests, pursuant to Local Civil Rule 16.1, an initial scheduling conference with the Court at its [sic] earliest convenience prior to the issuance of a Case Management and Scheduling Order."

During a November 10, 2010 initial scheduling conference with Plaintiff's counsel and Defendant Multiband and Michigan Microtech's counsel, Microtech/Multiband's counsel expressed his intention on behalf of his client to seek to have the action dismissed unless a motion to substitute the proper party for the deceased plaintiff was filed by December 7, 2010. Rule 25(a)(1), which is implicated by the circumstances, provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be

dismissed.

On December 6, 2010, Plaintiff's counsel brought a Motion for Declaration that Statement Noting Death Has Not Been Served or, in the Alternative, an Extension of Time [Dkt. # 16]. In the motion, Plaintiff's counsel generally asserts that the reference to Plaintiff's death in the September 7, 2010 motion did not qualify as a statement noting death under Rule 25. Should the Court disagree, Plaintiff's counsel contends that the Court has discretion to grant an extension of time for the proper party to be substituted. Defendants Multiband and Microtech filed a response on December 13, 2010 [Dkt. #18]. Plaintiff's counsel did not file a reply.

Also before the Court is Defendant Microtech and Multiband's motion to dismiss Plaintiff's complaint for failure to substitute a party within 90 days after a statement noting death under Rule 25 [Dkt. #19], filed on December 16, 2010. Defendants generally allege that the September 7, 2010 reference to Plaintiff's death qualifies as a statement noting death under Rule 25 and that although the Court has discretion to grant an extension, it should not do so in this case.

Defendants also filed a pleading entitled Statement of Death of Party on December 23, 2010 [Dkt. #20]. Plaintiff's counsel filed a response to Defendants' motion to dismiss on January 6, 2011 [Dkt. #22]. Defendants then filed a Motion for Leave to Provide an Addendum and Alternative for the Prior Motion to Dismiss [Dkt. #23] on January 7, 2010 and filed a supplemental brief on January 12, 2010 [Dkt. #24]. Plaintiff's counsel filed a response to the supplemental brief on January 21, 2010 [Dkt. #26].

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the

papers submitted. E.D. Mich. LR 7.1(e)(2). For the reasons provided below, the Court will **GRANT** Defendants' motion for leave to provide an addendum, **DENY** Defendants' motion to dismiss, and **DENY AS MOOT** Plaintiff's motion for declaration that statement noting death has not been served.

**I**

If a party dies, Federal Rule of Civil Procedure 25(a)(1) establishes a 90 day time period in which a motion substituting a proper party may be made "after service of a statement noting the death." Rule 25 was amended an 1963 in order to liberalize the procedure. 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1955 (3d ed. 2007). The date of death no longer begins the time period for substituting a successor party, as it did under the former rule. Instead, the time period does not begin until the death is noted on the record by service of a statement of the fact of death. Indeed, there is no particular time period within which that statement must be made after the death occurs. *Id.* Also, any party to the case may make the filing. *United States v. Currency $11,331*, 482 F. Supp. 2d 873, 885 (E.D. Mich. 2007), but as noted in Moore's Federal Practice, the representative of a plaintiff will rarely have any reason to file a suggestion of death. 6 James Wm. Moore et al., Moore's Federal Practice § 25.13[2][a] (3d ed. 2006).

A suggestion of death must be in writing and identify the representative to be substituted, and served on all parties in accordance with the procedures of Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir. 1990) (per curiam); *Reynolds v. City of Detroit*, No. 08-cv-14909, 2009 WL 5214873, at *3 (E.D. Mich. Dec. 28, 2009); *Blair v. Beech Aircraft Corp.,* 104 F.R.D. 21, 22 (W.D. Pa. 1984) (holding that "reference to the death of the Plaintiff in the pleadings is not sufficient");

*see also* 7C Federal Practice & Procedure § 1955. The motion to substitute a party must be filed by a party or the successors or representatives of the decedent, not an attorney for the deceased party acting on his own. *Currency $11,331*, 482 F. Supp. 2d at 885. "If a motion [to substitute the proper party] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The court may extend the period for substitution if a request is made before the expiration of the 90-day period and also may allow substitution on motion made after the expiration of the 90-day period on a showing that the failure to act earlier was the result of excusable neglect. 7C Federal Practice & Procedure § 1955.

**II**

Despite the unusual procedural posture of the case, the parties motions condense to two questions: (1) Did Plaintiff's counsel's September 7, 2010 Motion for Order Setting Status Conference [Dkt. #13] qualify as a statement noting death under Rule 25?; and, if not, (2) Did Defendants' December 23, 2010 Statement of Death of Party [Dkt. #20] qualify as a statement noting death under Rule 25? In reviewing the standard for a qualifying statement noting death under Rule 25, it is apparent that neither party's filing satisfies the requirements. Plaintiff's September 7, 2010 motion states that Katten Muchin Rosenman, a Chicago-based law firm, *intends* to substitute in this matter after coordinating with Plaintiff's widow but does not actually identify the representative to be substituted.

Defendants' December 23, 2010 suffers from the same deficiency. Defendants' December 23 pleading provides that electronic service was made on counsel of record for Michigan Microtech and Multiband. However, the motion does not include service on the unidentified non-party successor representative for the deceased plaintiff or on Defendant Directech Holding Company,

which has not yet made an appearance in the case. Until a submission is made in writing suggesting the death of a party *and* identifying the representative to be substituted with appropriate service of process made on all parties and persons not parties to the action, the 90-day period does not begin to run.

### III

Accordingly, **ORDERED** that Defendants' motion for leave to provide addendum [Dkt. #23] is **GRANTED**.

It is further **ORDERED** that Defendants' motion to dismiss [Dkt. #19] and alternative motion to dismiss [Dkt. #23] are **DENIED**.

It is further **ORDERED** that Plaintiff's motion for declaration that statement of death has not been served [Dkt. #16] is **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 14, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 14, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS