UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT E. EDDY,

        Plaintiff,                              Case Number 10-CV-11359
                                                     Honorable Thomas L. Ludington

v.

MULTIBAND CORP., DIRECTECH HOLDING
COMPANY, INC., and MICHIGAN
MICROTECH, INC.,

        Defendants.
_____/

**ORDER DIRECTING DEFENDANTS TO FILE A SUR-REPLY BRIEF**

On April 6, 2010, Plaintiff filed a complaint against Defendants Multiband Corp., DirecTech Holding Company, Inc., and Michigan Microtech, Inc. to recover money damages stemming from the defendants' alleged breach of several indemnification agreements [Dkt. #1]. Plaintiff alleges that the defendants were obligated to indemnify Plaintiff under the indemnification agreements for costs and attorneys' fees incurred while defending himself in an investigation regarding his role as an independent trustee for four employee stock ownership plans established by Michigan Microtech and DirectTech.

In Plaintiff's September 7, 2010 motion for status conference [Dkt. #13], Plaintiff's counsel noted that Plaintiff had passed away on or about May 17, 2010. During the November 10, 2010 status conference with Plaintiff's counsel and Defendant Multiband and Michigan Microtech's counsel, Microtech/Multiband's counsel communicated his intention to have the action dismissed unless a motion to substitute the proper party for the deceased plaintiff pursuant to Federal Rule of Civil Procedure 25 was filed by December 7, 2010. The attorneys expressed different opinions about whether the 90 day deadline for substitution under Rule 25(a)(1) had been triggered by the

September 7 motion and whether the Court had discretion to extend the deadline.

On December 6, 2010, Plaintiff's counsel brought a motion for declaration that a statement noting death has not been served or, in the alternative, an extension of time [Dkt. # 16]. Defendant Microtech and Multiband (collectively, "Defendants") also brought a motion to dismiss Plaintiff's complaint for failure to substitute a party within ninety days after a statement noting death under Rule 25 [Dkt. #19], filed on December 16, 2010. On February 14, 2011, the Court entered an order denying Defendant's motion to dismiss and denying Plaintiff's motion for declaration that a statement of death had not been served as moot [Dkt. #27]. The Court found that a submission had not yet been made in writing suggesting the death of a party and identifying the representative to be substituted with appropriate service of process in accordance with Rule 25(a)(3). Because the requirements under Rule 25 had not been met, the 90-day period for bringing a motion to substitute a proper party had not yet been triggered.

Now before the Court is Katten Muchin Rosenman LLP's (the "Katten Firm") motion to substitute party [Dkt. #30], which was filed on April 18, 2011. The Katten Firm seeks to substituted as the assignee of Robert Eddy's cause of action for contractual indemnity. Defendants filed a response on April 28, 2011 [Dkt. #33], asserting that the requested substitution would be improper because no estate has been opened in Plaintiff's name, that counsel lacks standing to bring the instant motion, and that there is insufficient evidence to support the Katten firm being the successor-in-interest to Mr. Eddy's claims. The Katten Firm filed a reply [Dkt. #34] on May 9, 2011.

**I**

From 2004 through 2007, Robert Eddy served as an independent trustee for four employee stock ownership plans offered by Defendants Michigan Microtech, Inc. ("Michigan Microtech") and

Directech Holding Company, Inc. ("Directech"). During that time, Robert Eddy executed four separate contractual agreements that obligate Defendants to indemnify Robert Eddy from various expenses, including but not limited to attorneys' fees and costs associated with his position as independent trustee.

In or around July 2008, the United States Department of Labor commenced a formal investigation regarding the employee stock ownership plans for which Robert Eddy had served as trustee, and it served Robert Eddy with a subpoena calling for the production of documents and deposition testimony. Robert Eddy promptly notified Defendants of the subpoena, and exercised his contractual right to retain independent counsel by engaging the Katten Firm. Michigan Microtech and Directech, by and through their counsel, promised in writing to honor their obligations to indemnify Robert Eddy.

Later, Robert Eddy sought indemnification for his legal fees, and Defendants contended that they did not have a contractual obligation to indemnify Robert Eddy. Accordingly, Robert Eddy brought this action to recover money damages based on Defendants' alleged breaches of their contractual obligation to indemnify him for the attorneys' fees and costs he incurred.

Robert Eddy then passed away. Lynette Eddy is the surviving spouse of Robert Eddy. (See Mot. to Substitute Party Ex. A.)  At the time of his death, Robert Eddy was a resident of the State of California. (*Id*.) All of the property of Robert Eddy's estate was community property or quasicommunity property because it was acquired during his marriage to Lynette Eddy while domiciled in California. (*Id*.) Robert Eddy died testate. (*Id*.) He left his entire estate to his wife Lynette Eddy, pursuant to the terms of the Last Will and Testament of Robert E. Eddy dated December 11, 1996 (the "Will"). (*Id*.) A copy of the Will was furnished to the Court as an exhibit

to the Katten Firm's reply brief. (Dkt. #24 Ex. A.)

On March 25, 2011, Lynette Eddy executed an Assignment to the Katten Firm. (*Id.*) The Assignment provides, in part that:

> Lynette Eddy hereby assigns to Katten Muchin Rosenman LLP all of her right title, and interest in and to Eddy's Claim in the Litigation and any other claims, charge, action, cause of action and disputed issues of law, against Defendants Multiband, Michigan Microtech, and Directech, being an assignment of 100% of such Claim for indemnification of legal fees, costs and expenses in connection with the Department of Labor Investigation, and any other claim, right or entitlement she now has or may hereafter have against such Defendants.

By the Assignment, Lynette Eddy assigned the Katten Firm all of her interest in Robert Eddy's claim in this lawsuit (the "Claim"). Based upon this assignment, the Katten Firm brings the instant motion, seeking to substitute itself in the place of Robert Eddy as the proper party plaintiff.

**II**

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. Fed. R. Civ. P. 25(a)(1). A motion for substitution may be made by any party or by the decedent's successor or representative. *Id.* If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed. *Id.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. Fed. R. Civ. P. 25(a)(2). The death should be noted on the record. *Id.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Federal Rule of Civil Procedure 5 and on nonparties as provided in Rule Federal Rule of Civil Procedure 4. Fed. R. Civ. P. 25(a)(3). A statement noting death must be served in the same manner. *Id.* If an interest is transferred, the action may be continued by or against the original party unless the Court, on motion, orders the transferee

to be substituted in the original action or joined with the original party. Fed. R. Civ. P. 25(c).

Substitution of a successor-in-interest as a party is a procedural vehicle to align the real parties in interest and not to create new relationships among parties to a suit; thus, a successor-in-interest is brought into court solely because it has come to own the property in issue, and the merits of case and disposition of property are still determined by legal principals that would also have governed the originally named parties. *See Maysonet-Robles v. Cabrero*, 323 F.3d 43, 49 (1st Cir. 2003) (citing *Minn. Mining & Mfg. Co. v. Eco Chem, Inc*., 757 F.2d 1256, 1263 (Fed.Cir.1985); *Pacamor Bearings, Inc. v. Minebea Co.*, 892 F.Supp. 347, 360 (D.N.H.1995)).

### III

The Katten Firm contends, in relevant part, that after Robert Eddy's death and upon execution of the Assignment, its role transformed from that of the attorneys for and creditors of Robert Eddy to an assignee of the Claim and successor-by-assignment to Robert Eddy. Under Fed. R. Civ. P. 17, which provides that a claim must be prosecuted in the name of a real party in interest, whether an assignee of a claim is the real party in interest is determined by the substantive law of the state in which the assignment is made. *N. & G. Taylor Co. v. Anderson*, 275 U.S. 431, 437 (1928); *U-Haul Int'l, Inc. v. Jartran, Inc*., 793 F.3d 1034 (9th Cir. 1986); *Kentucky River Mills v. Jackson*, 206 F.2d 111, 120 (6th Cir. 1953). The Assignment was made in Nevada. *See* Pl.'s Mot. to Substitute Party Ex. A at 31.  Under Nevada law, "an assignee of a chose in action is entitled to sue." *Castleman v. Redford*, 61 Nev. 259; 124 P.2d 293, 294 (1942) (citing previous version of N.R.S. 12.010).

The Katten Firm argues that permitting it to substitute as party plaintiff as the real party in interest is in harmony with the policy behind Rule 17, which "is simply to protect the defendant

against a subsequent action by the party actually entitled to recover." *U-Haul Int'l*, 793 F.2d at 1039. The Assignment specifically and broadly grants to the Katten Firm any and all claims Lynette Eddy, as sole beneficiary of Robert Eddy's Will, currently has or may in the future have against Defendants. The Katten Firm submits that Defendants will thus be protected against a subsequent similar action because Lynette Eddy, by operation of the Assignment, no longer has any right to pursue a claim against Defendants. Defendants, however, argue that the Assignment is invalid because of the absence of a Will attached to the Katten Firm's Motion and lack of proof of Robert Eddy's state of residency at the time of his death. The Katten Firm first provided Mr. Eddy's Will and Death Certificate as exhibits to its reply brief.

The Death Certificate confirms, as indicated in the Assignment, that Robert Eddy was a resident of California at the time of his death.  Under the terms of the Will, Robert Eddy devised to Lynette Eddy all of his tangible property and the residue of his estate. (Ex. A ¶¶ 5-6). California probate law, the Katten Firm explains, permits property to pass to a surviving spouse without the need for administration. Cal. Prob. Code § 13500. The California legislature has "sought to avoid the necessity and expenses of probate administration" by enacting this section of the probate code. *Bucholtz v. Belshe*, 114 F.3d 923, 927 (9th Cir. 1997). The Katten Firm contends that this rule does not apply in "limited circumstances;" rather, the general rule is that administration is not necessary. *See e.g.*, 24 Cal. Jur. 3d Decedents' Estates § 21 ("property of a deceased spouse that is to pass to the surviving spouse can generally pass to the surviving spouse without the need for administration"); Cal. Civ. Prac. Probate and Trust Proceedings §7:1 ("When a husband or wife dies leaving property that passes to the surviving spouse . . . , the property ordinarily passes to the survivor without the necessity for administration."). While the Katten Firm does not explain what

the consideration was for the assignment, they do suggest that Robert Eddy's cause of action for indemnification is the kind of asset that can pass to a surviving spouse without the need for estate administration.

The Will and Death Certificate, as well as the California and Nevada authority supporting the Katten Firm's contention that the Assignment is valid and that there is no need for administration of the will was provided in the Katten Firm's reply brief. At this juncture, a sur-reply brief from Defendants is necessary to adjudicate the motion.

Accordingly, it is **ORDERED** that Defendants file a sur-reply brief on or before **June 16, 2011**, addressing the arguments presented in the Katten Firm's reply brief.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 9, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 9, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS